UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GABRIEL P., | ) | |
| | ) | No. 21-cv-1984 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of the U.S. Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Gabriel P., appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for child Supplemental Security Income. For the following reasons, Plaintiff's motion (Dkt. 16) is granted, and the Commissioner's cross-motion (Dkt. 17) is denied; the Court remands the case to the agency with the instruction to calculate and award benefits to Plaintiff for the period from February 1, 2012 through October 13, 2015.[1]

## BACKGROUND

On June 1, 2007, Plaintiff was originally found disabled starting as of January 30, 2007.[2] (Administrative Record ("R.") R. 14.) During a "continuing disability review" on February 7, 2012, Plaintiff was deemed no longer disabled. *Id*. The determination was upheld by a state agency Disability Hearing Officer. *Id*. On August 13, 2013, Plaintiff filed a written request for written request for a hearing before the Administrative Law Judge ("ALJ"). (R. at 116.) On April 28, 2014,

---

[1]    The Court construes Plaintiff's Memorandum in Support of Summary Reversal or Remand as a motion for summary judgment.

[2]    Plaintiff's original claim was filed on his behalf by his mother. The current appeal is filed on his own behalf, presumably because he is now an adult, having been born in 2000. For clarity and ease, the Court refers only to the Plaintiff here.

a hearing was held before ALJ Jose Anglada in Chicago, Illinois. (R. at 14.) On May 29, 2014, the ALJ issued an unfavorable opinion finding that Plaintiff's disability under section 1614(a)(3)(C) of the Social Security Act ended as of February 1, 2012, and that Plaintiff had not subsequently become disabled. (R. at 28.) Plaintiff appealed that decision, and this Court remanded the case on January 19, 2017.[3] (R. 600-611.)

In the interim, Plaintiff filed a subsequent application for disability benefits on October 14, 2015; he was ruled to be disabled as of October 14, 2015. (R. 528.) As such, the relevant time period for the purposes of this opinion is February 1, 2012 through October 13, 2015. A second administrative hearing was held before the same ALJ on August 9, 2017. (R. 528.) On August 30, 2017, the ALJ issued another decision finding that Plaintiff was not disabled from February 1, 2012 through October 13, 2015. (R. 528-545.) On June 24, 2020, the Appeals Council denied Plaintiff's request for review, (R. 511-513), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g); *see Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). On April 13, 2021, Plaintiff appealed the decision to this Court.

## STANDARD OF REVIEW

A child is disabled and eligible for SSI benefits if that child has a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death, or that has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 416.906. Once a child is found to be disabled, the Commissioner will periodically conduct "continuing disability review[s]" to determine if the child remains disabled under the statutory framework and therefore eligible for SSI. 20 C.F.R. § 416.994a. The process for determining whether the child is still disabled is a

---

[3]    For a full background of this case, the Court directs the reader to *J.P. v. Colvin*, Case No. 15-cv-10385, Dkt. 22 (N.D. Ill. Jan. 19, 2017).

sequential three-step analysis. 20 C.F.R. §§ 404.1589, 416.994a. First, the Commissioner or ALJ will consider whether the claimant has experienced medical improvement since the previous determination and, if the claimant has not improved, subject to a few exceptions, the Commissioner or ALJ will find that the claimant is still disabled. *Id.* For step two, if the ALJ finds medical improvement, the ALJ must consider whether the claimant's impairment now meets or is medically or functionally equivalent to severity of listing it met or equaled at time of previous determination by analyzing the claimant's functioning in terms of six domains. 20 C.F.R. § 416.926a. These six domains are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical wellbeing. 20 C.F.R. §§ 416.926a(b)(1)(i)-(vi). To be deemed functionally equivalent, the claimant's impairment must result in a marked limitation in two of the domains or an extreme limitation in one domain. 20 C.F.R. § 416.926a(d). A marked limitation is an impairment that seriously interferes with the claimant's "ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). "'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.'" *Id.* An extreme limitation is an "impairment [that] interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). For the final step, if the impairment no longer meets or equals the listing it previously met or equaled, the ALJ will consider any other impairments the claimant currently has in order to determine whether the claimant is disabled.[4] *Id.*

---

[4]    The Social Security Administration ("SSA") regulations also require a sequential three-step analysis to determine whether a child is disabled at step three. 20 C.F.R. § 416.924. First, the Commissioner or ALJ must determine if the claimant is engaging in a substantial gainful activity. 20 C.F.R. § 416.924(b). If not, the Commissioner or ALJ moves to the second step, which requires a determination as to whether the claimant has a medically determinable severe impairment or a combination of impairments that can be deemed severe. 20 C.F.R. § 416.924(c). If so, the Commissioner or ALJ moves to the third step, where the Commissioner or ALJ must determine whether the claimant

The Court performs a *de novo* review of the ALJ's conclusions of law, but the ALJ's factual determinations are entitled to deference. *Prochaska v. Barnhart*, 454 F.3d 731, 734 (7th Cir. 2006). The District Court will uphold the ALJ's decision if substantial evidence supports the findings of the decision and if the findings are free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F. 3d 936, 940 (7th Cir. 2002). Where reasonable minds differ, it is for the ALJ, not this Court, to make the ultimate finding as to disability. *Cass v. Shalala*, 8 F. 3d 552, 555 (7th Cir. 1993). However, the ALJ must make an accurate and logical connection from the evidence to the ultimate conclusion. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). While the ALJ is not required to discuss every piece of evidence, the ALJ must minimally articulate his reasons for crediting or discrediting evidence of disability. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless build a "logical bridge" between the evidence and his conclusion. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).

## ANALYSIS

Before going through the three steps, the ALJ determined the Comparison Point Decision[5] ("CPD") was May 1, 2007. (R. 532.) At the time of the CPD, Plaintiff's medically determinable impairments were asthma and speech and language delays, which functionally equal the listings at 20 C.F.R. § 416.926a and 416.924(d). *Id*. Additionally, at the time of the CPD, Plaintiff's impairments resulted in marked limitations in acquiring and using information and marked limitations in interacting and relating with others under the six domains of functioning. *Id*. At the step one, the ALJ found medical improvement occurred as of February 1, 2012. (R. 532.) At step

---

has an impairment or combination of impairments that meets or medically equals the criteria of a listing in the regulations, or that is functionally equivalent to the listings in the regulations. 20 C.F.R. § 416.924(d). If so, the claimant is deemed disabled. 20 C.F.R. § 416.924(d)(1).

[5]    A CPD is the most recent favorable medical decision finding that the claimant was disabled. 20 CFR § 416.994a(c).

two, the ALJ determined that Plaintiff's impairments had not functionally equaled the listings of impairments since February 1, 2012. (R. 534.) The ALJ found that Plaintiff had a marked limitation in acquiring and using information; less than marked limitation in attending and completing tasks and health and physical well-being; and no limitation in the remaining domains, including caring for oneself. (R. 537-544.)

In its previous opinion, the Court discussed the ALJ's faulty analysis of the domain of caring for oneself, writing the following:

> Regarding the "caring for yourself" domain, the ALJ mentioned that [Plaintiff's] parents testified that [Plaintiff] does not bathe independently. The ALJ acknowledged that bathing is a consideration under the domain, but chose to give greater weight to [Plaintiff's] school records, the notes of GP's 5th grade teachers, and the state agency medical consultants. However, the ALJ did not say why [Plaintiff's] parents' testimony does not carry as much weight as the school records that are silent as to any hygiene problems. (R. at 25-26.) This is especially troubling because the evidence from the school records and [Plaintiff's] teachers would not shed light on [Plaintiff's] ability to take care of his own hygiene. The fact that a child comes to school having bathed is not proof that the child bathed himself; it is entirely possible that a developmentally challenged child might have been bathed by his parents. And even though the state agency medical reviewers claimed that [Plaintiff] did not have any limitations related to his ability to care for himself, they were not privy to [Plaintiff's] parents' testimony. In short, there was significant evidence to demonstrate a marked limitation in this functional domain. While the ALJ was free to reject this evidence following an examination, there is no evidence of any such examination in the ALJ's opinion. Ultimately, the ALJ did not adequately consider all the relevant evidence regarding this domain, which requires reversal.

*J.P. v. Colvin*, Case No. 15-cv-10385, Dkt. 22, at *9-10 (N.D. Ill. Jan. 19, 2017).

In the decision currently before the Court, the ALJ erred again in considering the domain of caring for oneself. The evidence shows that Plaintiff cannot bathe himself, wet the bed during the relevant period, and continued to sleep in his parents' bedroom several nights a week due to separation anxiety. (R. 56, 64-65, 193, 804.) In the analysis of this domain, the ALJ did not even discuss Plaintiffs inability to bathe independently or sleep in a room alone several nights a week.

5

As before, the ALJ failed to consider all of the relevant evidence in this domain, particularly the evidence that did not support his conclusion.

This is the second time the ALJ has made the same mistake. Having reviewed the evidence from the previous appeal as well as the new testimony, the Court finds that the record in this case only supports one reasonable conclusion – *i.e.,* that Plaintiff has marked limitations in the domain of caring for himself. *See Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). The inability to bathe by oneself or sleep without one's parents in the room into one's early teenage years certainly qualifies as serious interference with the "ability to independently initiate, sustain or complete activities." *See* 20 C.F.R. § 416.926a(e)(2)(i). Because Plaintiff has marked limitations in two function domains (acquiring and using information and caring for oneself), he functionally meets a listing and is disabled under the Social Security Act.

When a reviewing court remands to the Appeals Council, the ordinary remedy is another administrative hearing. In unusual cases, when the record requires a finding of disability, a court may order an award of benefits. *Kaminski v. Berryhill*, 894 F.3d 870, 875 (7th Cir. 2018), *amended on reh'g* (Aug. 30, 2018) (collecting cases). The Court here has taken into account the very clear nature of the record, the fact that the ALJ has made the same mistake on two separate occasions, and that subsequent review of Plaintiff's case has found him to be disabled. The Court, therefore, awards benefits to Plaintiff and remands this matter with directions to the Commissioner to calculate the same.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (Dkt. 16) is granted, and the Commissioner's cross-motion (Dkt. 17) is denied; the Court remands the case to the agency with the instruction to calculate and award benefits to Plaintiff for the period from February 1, 2012 through October 13, 2015.

Date: August 26, 2022

_____

U.S. Magistrate Judge, Susan E. Cox